IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROLL CALL, INC., | ) |
|       Plaintiff, | ) |
| v. | ) No. _____ |
| ROLL CALL STRATEGIES, LLC, | ) |
|       Defendant. | ) |

### DECLARATION OF ADAM M. CHUD

I, Adam M. Chud, hereby declare as follows:

1. I am one of the attorneys for plaintiff Roll Call, Inc. ("Roll Call") in the above-captioned case. I submit this Declaration in support of Roll Call's Verified Complaint and its Motion for a Preliminary Injunction herein.

2. Attached at Exhibit A hereto is a true and correct copy of an October 17, 2005 letter that I sent, on behalf of Roll Call, to Roll Call Strategies, LLC ("Roll Call Strategies"). The letter demanded that Roll Call Strategies cease and desist all use of the ROLL CALL trademarks owned by Roll Call. Although the letter gave Roll Call Strategies two weeks to respond, I received no response to the letter within that time period from either Roll Call Strategies or its counsel.

3. Because Roll Call Strategies did not respond to the October 17, 2005 letter, on November 2, 2005, on behalf of Roll Call, I called Roll Call Strategies and asked to speak to Jeffrey Speaks, one of Roll Call Strategies' founders. The receptionist told me to contact counsel for Roll Call Strategies, Lisa Conrad. I left Ms. Conrad messages on her cell phone and at her office that day, which messages she did not return.

4. I left Ms. Conrad another message at her office on November 4, 2005. She called me back that day. During that call, she proposed that Roll Call Strategies would change its name and mark to RC GOVERNMENT RELATIONS for its lobbying in the District of Columbia, but wanted to continue to use the name and mark ROLL CALL STRATEGIES everywhere else.

5. On November 11, 2005, I sent a letter to Ms. Conrad stating that Roll Call had rejected Roll Call Strategies' offer because continuing to use the mark ROLL CALL STRATEGIES nationwide would continue to infringe upon Roll Call's ROLL CALL trademarks, and because use of the mark RC GOVERNMENT RELATIONS was just a transparent attempt to use an abbreviation for the ROLL CALL marks that would continue to violate Roll Call's trademarks. A true and correct copy of that letter is attached at Exhibit B hereto.

6. On November 15, 2005, Ms. Conrad called me and proposed that Roll Call Strategies would change its name and mark to either ROLL CALL VOTE STRATEGIES or RC GOVERNMENT RELATIONS for its work in all jurisdictions.

7. On November 22, 2005, I left Ms. Conrad a voice mail message rejecting the November 15, 2005 offer for the same reasons that the November 4, 2005 offer was unacceptable to Roll Call.

8. On November 29, 2005, I spoke to Ms. Conrad by telephone. During that call, she relayed her client's offer to change its name and mark for all purposes to CR STRATEGIES, LLC, which offer I accepted on behalf of Roll Call. Ms. Conrad confirmed the agreement in a letter that day. A true and correct copy of the letter is attached at Exhibit C hereto. One element of the agreement was that counsel for the parties would speak periodically to discuss Roll Call

Strategies' implementation of the change of its name and mark. The letter confirmed that the first such discussion was to occur on December 13, 2005.

9. Ms. Conrad did not call me on December 13, as she had agreed to do. As a result, on December 16, I sent an e-mail to Ms. Conrad and asked to discuss her clients' progress in changing its name. A true and correct copy of the e-mail is attached at Exhibit D hereto. She responded by e-mail that the conference could take place on December 19. A true and correct copy of Ms. Conrad's e-mail is attached at Exhibit E hereto. Ms. Conrad did not call me on December 19. I left her a message that day, which she did not return.

10. On December 20, 2005, Ms. Conrad faxed a letter to me stating, among other things, that her client no longer intended to change its name and mark to CR STRATEGIES, LLC. The letter proposed that Roll Call Strategies would instead change its name and mark to KENTUCKY ROLL CALL STRATEGIES, LLC and register to lobby Congress under the assumed name and mark KRCS. Roll Call Strategies also offered to add a disclaimer to its "web site and promotional literature" stating that it was not affiliated with Roll Call. A true and correct copy of the letter is attached at Exhibit F hereto. That offer has not been accepted, and Roll Call Strategies continues to operate using the name and mark ROLL CALL STRATEGIES.

11. In addition to serving as one of Roll Call's attorneys in this action, I am also the counsel of record for three trademarks that are owned by Roll Call and registered with the U.S. Patent & Trademark Office ("PTO"). The ROLL CALL marks have been registered with the PTO since 1993, and have achieved incontestable status pursuant to 15 U.S.C. § 1065. The marks are: ROLL CALL (Registration No. 1790391), ROLL CALL (and Design) (Registration No. 1791611), and ROLL CALL THE NEWSPAPER OF CAPITOL HILL (and Design) (Registration No. 1791614). Each mark covers the following goods and services: "twice weekly

newspaper reporting on the legislative and political activities of Congress, members of Congress and their campaigns, congressional employees, and other matters of interest to people who work or live on Capitol Hill." True and correct printouts of the PTO's registration information for these three marks – which I obtained from the PTO's web site (**www.uspto.gov**) – are attached at Exhibit G hereto.

12. Attached at Exhibit H hereto are true and correct copies of lobbying registration forms filed by Roll Call Strategies with the Clerk of the U.S. House of Representatives and the Secretary of the U.S. Senate. I obtained these documents from the web site http://sopr.senate.gov.

13. Attached at Exhibit I hereto is a true and correct copy of corporate record and business registration information concerning Roll Call Strategies that I obtained from Westlaw.

14. Attached at Exhibit J hereto is a true and correct copy of a newspaper article concerning Roll Call Strategies, which reflects that one of its founders, Jeffrey Speaks, is a former aide to U.S. Representative Hal Rogers.

15. During the course of my contacts with Roll Call Strategies and its counsel, I have identified several of the areas in which it is using the ROLL CALL STRATEGIES mark, including in its web site domain name (www.rollcallstrategies.com), as the suffix for its e-mail addresses (i.e., johndoe@rollcallstrategies.com), on its answering machine message at its offices, and as part of the greeting by the receptionist at its offices.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2006.

                                  Adam M. Chud
                                  Goodwin Procter LLP
                                  901 New York Avenue, N.W.
                                  Washington, D.C. 20001
                                  Tel.: (202) 346-4000
                                  Fax: (202) 346-4444

LIBW/1539743.1