# EXHIBIT A

GOODWIN | PROCTER

Goodwin Procter LLP
Counsellors at Law
901 New York Avenue, N.W.
Washington, D.C. 20001

T: 202.346.4000
F: 202.346.4444
goodwinprocter.com

October 17, 2005

**By Fax and FedEx**

John McCarthy
Jeffrey Speaks
Amy Wickliffe
Roll Call Strategies, LLC
514 Capitol Avenue
Frankfort, Kentucky 40601
Fax: (502) 237-0403

Re:    Trademark Infringement by Roll Call Strategies

Dear Mr. McCarthy, Mr. Speaks, and Ms. Wickliffe:

    We have been retained by Roll Call, Inc. ("Roll Call"), the publisher of *Roll Call – The Newspaper Of Capitol Hill*. It has come to our attention that you have recently begun operating a lobbying firm under the name "Roll Call Strategies." This use of the mark ROLL CALL in your company's name is likely to cause confusion and constitutes an infringement of Roll Call's trademark rights. Therefore, we hereby demand that you cease all use of the name Roll Call in connection with any such activities.

    As I am sure you are aware, *Roll Call* is a well-known newspaper reporting on legislative and political activities of Congress, members of Congress, and their campaigns. For over 50 years, *Roll Call* has operated as the unofficial newspaper of record for Capitol Hill and both houses of Congress. *Roll Call's* reporting has earned it wide acclaim. As a result of its many years of continuous operations, the ROLL CALL mark has acquired not only distinctiveness, but fame in connection with the publication of its *Roll Call* newspaper. Moreover, Roll Call is the owner of federal trademark registration numbers 1790391 (ROLL CALL), 1791611 (ROLL CALL and DESIGN), and 1791614 (ROLL CALL THE NEWSPAPER OF CAPITOL HILL and DESIGN). These registrations have been duly renewed and have incontestable status under federal trademark law.

    Roll Call performs no lobbying of any kind and is not affiliated with any organizations or groups that do so. To maintain its reputation for accurate and unbiased reporting, Roll Call must avoid any perception that its newspaper is in any way influenced by any particular interest.

GOODWIN | PROCTER

Roll Call Strategies
October 17, 2005
Page 2

     According to information that we obtained from your lobbying registration forms, your company is currently engaged in lobbying on Capitol Hill using the name Roll Call Strategies on behalf of several major clients on a broad range of issues – government relations for Morehead State University, tax issues for Churchill Downs, Inc., federal permitting for Hagan Properties, and appropriations for NPC, Inc.

     Your company's use of the ROLL CALL mark in connection with lobbying activities – particularly lobbying activities on Capitol Hill – is likely to cause significant confusion as to your company's affiliation with Roll Call, and result in significant harm to Roll Call, particularly in light of its hard-earned reputation for unbiased reporting on issues presented before both houses of Congress. Any perception that Roll Call, or any person or company affiliated with it, is engaged in lobbying activities will cause serious and irreparable harm to its business. As a result, your company's use of the name Roll Call is in clear violation of the federal trademark laws, 15 U.S.C. §§ 1114, 1125. In addition, your company's activities constitute federal trademark dilution under 15 U.S.C. § 1125(c). Finally, because Roll Call is the owner of valid and subsisting federal trademark registrations, your company's actions entitle Roll Call to an award of not only compensatory damages, but also statutory damages and any attorney's fees that Roll Call might be forced to expend to protect its trademark rights.

     Given the renown of the newspaper and the ROLL CALL mark, it is reasonable to assume that you were aware of the association that your use of this name would convey to any person to whom you direct your lobbying efforts. Thus, your use of this name also appears to constitute a willful attempt to trade on the significant goodwill that our client has established over the years.

     Roll Call is willing to forego legal action against you and your company provided that you immediately cease all use of the Roll Call name, and return a countersigned copy of this letter to me by October 31, 2005, which signature will confirm your agreement to immediately discontinue all use of the Roll Call name. If we do not receive a countersigned copy of this letter by then, Roll Call shall file a trademark infringement action to enforce its rights, including its right to monetary damages and attorneys' fees.

     Should you have any questions, please do not hesitate to contact me at 202-346-4246.

                                                                           Sincerely,

                                                                           Adam M. Chud

GOODWIN | PROCTER

Roll Call Strategies
October 17, 2005
Page 3

I hereby confirm that "Roll Call Strategies" will immediately discontinue all use of the "Roll Call" name:

_____
Name:
Title:
Date:

# EXHIBIT B

# GOODWIN | PROCTER

Goodwin Procter LLP  
Counsellors at Law  
901 New York Avenue, N.W.  
Washington, D.C. 20001

T: 202.346.4000  
F: 202.346.4444  
goodwinprocter.com

November 11, 2005

**By Fax and First-Class Mail**

Lisa A. Conrad, Esq.
Ogden Newell & Welch, PLLC
1700 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202-2874
Fax: (502) 581-9564

Re:   Trademark infringement by Roll Call Strategies

Dear Ms. Conrad:

    By letter of October 17, 2005 we demanded that your client, Roll Call Strategies, immediately cease and desist from infringing the federally-protected trademark ROLL CALL owned by our client Roll Call, Inc. After the October 31, 2005 deadline for response passed, we placed several calls to you and your client to secure your client's promise to stop infringing the ROLL CALL mark. When we finally spoke on November 4, 2005, rather than agree to cease and desist, you communicated your client's offer of compromise: to use the name "RC Government Relations" for its lobbying work in the District of Columbia, but continue to operate as Roll Call Strategies everywhere else.

    At your request, we have communicated this proposal to our client; in a word, it is utterly unacceptable. First of all, the geographic distinction you propose is both unsupported by law and, from a practical perspective, unworkable. As a legal matter, because our client's trademark confers upon it the *exclusive* right to use the name "Roll Call" *nationwide*, you have no right to use it everywhere other than Washington, D.C. as you propose.

    Moreover, the nature of our respective clients' businesses makes such a division a nonstarter. Our client's mark is not a regional one, but rather a name recognized throughout the country – including Kentucky where, not surprisingly, we have subscribers to *Roll Call – The Newspaper Of Capitol Hill*. Your proposal is tantamount to suggesting that the "Washington Post" mark be protected in the District of Columbia where it is published and its operations are centered, but nowhere else. Since your client's business includes lobbying members of Congress – about whom it is our client's business to report – the likelihood of confusion is particularly keen. And where our client's objectivity and journalistic independence is its stock and trade, an association with your client – whose lobbying business is based on virtually diametrically opposed characteristics – could be devastating.

GOODWIN | PROCTER

Lisa A. Conrad, Esq.
October 11, 2005
Page 2

Your client's proposal to operate as "RC Government Relations" in Washington, D.C. is likewise unacceptable. The "RC" in "RC Government Relations" stands for Roll Call and would, therefore, continue to infringe our client's mark. Because your client has already been improperly operating under the "Roll Call Strategies" name that infringes our client's mark, it is specious to suggest that a move from "Roll Call" to the abbreviation "RC" will reasonably break the association in the public's mind to a "Roll Call" mark that your client has no right to trade on or profit from. Indeed, there can be no mistaking the fact that selection of your client's name by the former Capitol Hill staffers who founded it was meant to evoke the reputation and strength of our client's well-respected mark. Thus, there can be no mistake that an insistence upon using the initials "RC" is but a thinly-veiled attempt to continue to trade on our client's good name. That your client would do so by adopting our client's initials does not avoid the flagrant infringement. See 1 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair Competition* § 7:18, at 7-48 (2005) ("abbreviations and nicknames are just as entitled to legal protection as the original full trademark").

In sum, your client's continuing conduct constitutes an infringement of our client's federally-protected trademark – an infringement your client's proposal does nothing to remedy. Please contact us as soon as possible and, in any case, by November 17, 2005, to communicate your client's intentions with respect to our client's mark, as with each passing day our client's damages mount.[1] If we do not hear from you by November 17, we will take appropriate steps to enforce our client's trademark rights.

Sincerely,

John Moustakas
Adam M. Chud

LIBW/1535505.1

---

[1] That time is of the essence is demonstrated by the fact that since our last letter Roll Call Strategies has signed up three new clients seeking to lobby members of Congress under its infringing name.

# EXHIBIT C

NOV-29-2005 12:26                                                                                P.01/01



LISA ANN CONRAD

DIRECT DIAL 502-560-4245
DIRECT FAX 502-627-8745

lconrad@ogdenlaw.com

1700 PNC PLAZA
500 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202-2874
(502) 582-1601
FAX (502) 581-9564
www.ogdenlaw.com

November 29, 2005

<u>Via Facsimile</u>
(202) 346-4444

Adam M. Chud, Esq.
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

    Re:    Roll Call Strategies, LLC
             Our File No: 33533/1

Dear Adam:

This letter confirms our telephone conversation today that Roll Call Strategies, LLC will change its legal name to CR Strategies, LLC without delay. I will call you on Tuesday, December 13, to provide to you an update as to the name change.

If you have any questions, please contact me.

Very truly yours,

Lisa Ann Conrad

cc: John McCarthy (via facsimile)

TOTAL P.01